UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HARRIS, | ) | CASE NO. 1:24-CV-1946 |
|     Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN. BRENNAN |
| v. | ) | |
| | ) | |
| CITY OF WILLOUGHBY | ) | **MEMORANDUM OPINION** |
| MUNICIPAL COURT, | ) | **AND ORDER** |
| | ) | |
|     Defendant. | ) | |

*Pro se* Plaintiff Robert Harris brings this action to challenge a traffic citation he received from the City of Kirtland for failing to display a valid license plate. *See Kirtland v. Harris*, No. 23TRD05715 (Willoughby Mun. Ct. filed Nov. 6, 2023).[1] Plaintiff claims the City of Willoughby subjected him to an unreasonable search and seizure when its officers stopped him and cited him for driving a vehicle with fictitious plates. He contends that municipalities can only enforce vehicle license and registration statutes on commercial vehicles. He claims he was driving a private vehicle and therefore not subject to these state traffic laws. He claims that the municipal court has no jurisdiction to prosecute him.

---

[1] Plaintiff also indicates that he is challenging Willoughby Municipal Court Case Nos. 23TRD 05547, 23CRB02689, 23TRD02196, and 23TRD05715. Plaintiff filed a previous action in this court challenging Case Nos. 23TRD 05547, 23CRB02689. Those cases were consolidated and assigned to Judge Donald C. Nugent. Case No. 23TRD02196 is the subject of an action assigned to Judge David A. Ruiz. The facts of this case pertain to Case No. 23TRD05715. This Court will only address the charges pending in Case No. 23TRD05715.

I. BACKGROUND

Plaintiff's Complaint is difficult to decipher. It appears that he was stopped by Kirtland Police on November 2, 2023 for failing to display a valid license plate on his personal vehicle. He was charged on November 6, 2023 in the Willoughby Municipal Court with driving with fictitious plates in Case No. 23TRD05715. The Municipal Court docket indicates he filed various motions to dismiss, a claim of sham legal process, a statement of misuse of commercial identification, and an "Affidavit of White Flag of Truce, Motor Vehicle Codes as Commercial Jurisdiction." These Motions did not convince the Municipal Court to dismiss the charge. The case was set for trial in October 2024, but Plaintiff failed or refused to appear in court. The criminal case is still pending.

Plaintiff filed this action in federal court to challenge the state's on-going prosecution. He subscribes to the belief that only commercial use of a vehicle can require a license, license plate, and vehicle registration. He contends that there are no license and registration requirements for private vehicles used for private purposes. He asserts that the Municipal Court has not agreed with his assertions and his prosecution violates his rights under the Fourth, Fifth, Sixth, and Seventh Amendments.

II. ANALYSIS

The comity-based abstention doctrine developed in *Younger v. Harris* prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate." 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine reflects strong federal policy against federal interference with state judicial proceedings and promotes the presumption that state courts are equally competent at safeguarding federal

constitutional rights. *Id*. *Younger* abstention is not a question of jurisdiction but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch.*, *Inc.*, 477 U.S. 619, 626 (1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature if federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The case in the Willoughby Municipal Court, No. 23TRD05715, is still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44–45. Plaintiff claims that his traffic stop, and detention, constitute an unreasonable search and seizure in violation of the Fourth Amendment. He also challenges the jurisdiction of the state court to prosecute him. These claims go to the heart of the pending state court criminal case.

The third requirement of *Younger* requires Plaintiff to have an opportunity to assert his federal challenges in the state court proceeding.  The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims, not whether Plaintiff was successful in obtaining the relief he requested.  *Moore v. Sims*, 442 U.S. 415, 430 (1979).  The burden rests with Plaintiff to demonstrate state procedural law bars presentation of his claims.  *Pennzoil Co.*, 481 U.S. at 14.  Although Plaintiff has filed motions during the criminal proceedings, and the Municipal Court has not been persuaded by his arguments, and he still can raise those arguments at trial or on appeal if he is convicted.  He, however, refused to appear at trial.  The requirements of *Younger* are met.  This Court will not interfere in a pending state court criminal case by deciding issues that are central to that state case.

Therefore, the Court finds that the *Younger* doctrine applies and requires federal abstention in this case.  Because Plaintiff's claims seek only monetary damages, the Court must stay this case until his state-court case (including any appeals) have concluded.

**III.  CONCLUSION**

Accordingly, all proceedings in this case are stayed pending the conclusion of *Kirtland v. Harris*, No. 23TRD05715 (Willoughby Mun. Ct. filed Nov. 6, 2023), including all appeals.  This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating the Municipal Court case listed above and all appeals in that case have been resolved or concluded.  No claims or defenses are waived as a result of the stay.  All pending motions are denied without prejudice subject to refiling in the event the case is reopened.  Because this case is stayed, from this point forward, the only motion the Court will entertain is a motion to reopen that demonstrates that the state court criminal charges in Case No.

23TRD05715 have been resolved with either dismissal of the charges or a conviction.  Until a motion to reopen is granted, no other filings will be considered by the Court.

    **IT IS SO ORDERED.**

Date: January 28, 2025                                                        _____
                                                                                           BRIDGET MEEHAN BRENNAN
                                                                                           UNITED STATES DISTRICT JUDGE